```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      NORTHERN DIVISION


CHARLES JOHNSON, Individually and as
Personal Representative of the Estate
of ETHEL JOHNSON, and on Behalf of and
for the Use and Benefit of the Wrongful
Death Beneficiaries of ETHEL JOHNSON                PLAINTIFF


VS.                        CIVIL ACTION NO. 3:15-cv-238-WHB-JCG


TRINITY MISSION HEALTH & REHAB OF CLINTON, LLC,
d/b/a TRINITY HEALTH & REHAB OF CLINTON; ET AL.     DEFENDANTS
```

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendants for Partial Summary Judgment. Having considered the pleadings, the attachments thereto, as well as supporting and opposing authorities, the Court finds the Motion is not well taken and should be denied.

### I. Factual Background and Procedural History

In February of 2012, Ethel Johnson became a resident of Trinity Mission Health and Rehab ("Trinity"), which is located in Clinton, Mississippi. Trinity is identified as being a "corporation engaged in the custodial care of elderly, helpless individuals who are chronically infirm, mentally impaired, and/or in need of nursing care and treatment." Compl., ¶ 1.03. It is alleged that during her residency, Ethel Johnson had numerous falls, contracted

infections and other medical conditions, and suffered from dehydration, malnutrition, and other "unexplained injuries". Id. at ¶ 3.02. It is further alleged that Ethel Johnson died on June 14, 2014, as a result of these alleged injuries. Id.

On January 26, 2015, Charles Johnson ("Johnson") filed a lawsuit seeking to recover damages arising from the injuries Ethel Johnson sustained while at Trinity as well as for her alleged wrongful death.[1] During discovery, Johnson indicated that he would be seeking damages arising from a fall involving Ethel Johnson that occurred on April 8, 2012 ("2012 fall"). Defendants have now moved for summary judgment on the 2012 fall claim on the grounds that it is time-barred.

## II. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after

---

[1] The Court previously found it could exercise subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332. See Opinion and Order [Docket No. 17]

2

adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The movant need not, however, support the motion with materials that negate the opponent's claim. Id. As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. Id. at 323-24. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324.

Summary judgment can be granted only if the record demonstrates that no genuine issue of material fact exists. It is improper for the court to "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to

3

assess the probative value of the evidence." <u>Kennett-Murray Corp. v. Bone</u>, 622 F.2d 887, 892 (5th Cir. 1980).  Summary judgment is also improper if the court merely believes it unlikely that the non-moving party will prevail at trial.  <u>National Screen Serv. Corp. v. Poster Exchange, Inc.</u>, 305 F.2d 647, 651 (5th Cir. 1962).

### III.  Discussion

The issue to be decided on summary judgment is whether any claim for damages arising from the alleged April 8, 2012, fall involving Ethel Johnson is barred by the applicable statute of limitations.  The parties agree that this claim is subject to a two-year statute of limitations.  <u>See</u> MISS. CODE ANN. § 15-1-36 (providing, in relevant part, "[N]o claim in tort may be brought against a[n] ... institution for the aged or infirm ... for injuries or wrongful death arising out of the course of medical ... or other professional services unless it is filed within two (2) years from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered.").  Defendants argue that because the 2012 fall occurred more than two years before Ethel Johnson's death on June 14, 2014, and more than two years before this lawsuit was filed, it is time-barred.  In response, Johnson argues that the 2012 fall claim is timely based on either the equitable tolling doctrine or the unsoundness of mind provision of Mississippi Code Section 15-1-

36(5), which provides:

> If at the time at which the cause of action shall or with reasonable diligence might have been first known or discovered, the person to whom such claim has accrued shall be under the disability of unsoundness of mind, then such person or the person claiming through him may, notwithstanding that the period of time hereinbefore limited shall have expired, commence action on such claim at any time within two (2) years next after the time at which the person to whom the right shall have first accrued shall have ceased to be under the disability, or shall have died, whichever shall have first occurred.

Mississippi recognizes the continuing tort doctrine.  Under this doctrine, in cases involving:

> [A] continuing or repeated injury, the cause of action accrues at, and limitations begin to run from, the date of the last injury, or when the tortious acts cease.  Where the tortious act has been completed, or the tortious acts have ceased, the period of limitations will not be extended on the ground of a continuing wrong.
>
> A "continuing tort" is one inflicted over a period of time; it involves a wrongful conduct that is repeated until desisted, and each day creates a separate cause of action.  A continuing tort sufficient to toll a statute of limitations is occasioned by continual unlawful acts, not by continual ill effects from an original violation.

<u>Estate of Fedrick ex rel. Sykes v. Quorum Health Res., Inc.</u>, 45 So.3d 641, 643 (Miss. 2010)(quoting <u>Pierce v. Cook</u>, 992 So.2d 612, 619 (Miss. 2008)).  In <u>Estate of Fedrick</u>, the Mississippi Supreme Court considered whether the continuing tort doctrine extended the statute of limitations with respect to a claim of negligent failure to provide feeding assistance to a nursing home resident.  In finding the doctrine could apply, the court reasoned:

5

> Ms. Fedrick needed feeding assistance throughout this entire period; therefore, a tortious omission may have occurred every day that the defendants failed to provide her this kind of assistance. These allegations fit within the definition of a continuing tort, that is, "one inflicted over a period of time ... wrongful conduct that is repeated until desisted."
>
> If proven, the alleged failure to provide Ms. Fedrick proper nutrition was a negligent omission that was repeated until September 17, 1999, the date the nursing home placed Ms. Fedrick on a feeding-assistance program (and the wrongful conduct therefore ceased).

Id. at 643.

Here, Johnson alleges that there were multiple wrongs committed by Defendants that "were of a continuing nature and occurred throughout Ethel Johnson's stay" at Trinity. See Compl. ¶ 3.07. The alleged wrongs include "the failure to provide adequate supervision for Ethel Johnson to protect her from injuries, falls, [and] wandering"; "the failure to provide proper fall precautions, supervision, and interventions to prevent Ethel Johnson's existing medical conditions" from worsening; and "the failure to provide adequate interventions to and supervision of Ethel Johnson to prevent her from falling and being injured within the facility." Id. at ¶ 3.15(b), (d) and (e). The Court finds the allegations in the Complaint may likewise "fit" within the definition of a continuing tort in that the alleged failure to provide adequate supervision and other fall precautions for Ethel Johnson is claimed to have continued, i.e. was repeated, throughout

6

her entire stay at Trinity, and did not cease until she was discharged from that facility. Under these circumstances, the Court finds Defendants have failed to show that there does not exist a genuine issue of material fact with respect to whether the continuing tort doctrine may apply in this case. Accordingly, their Motion for Partial Summary Judgment as to the 2012 fall claim will be denied.

## IV. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Defendants' Motion for Partial Summary Judgment [Docket No. 74] is hereby denied.

SO ORDERED this the 1st day of September, 2016.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE